

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-1362
Re: What is necessary to make or create
a "presentment of warrant to the
State Treasurer for payment?"

Your letter of August 30, 1939, is received. You ask that this Department construe or clarify the term "presented to the State Treasurer," as applied to the presenting for payment of a warrant drawn on the State Treasury.

You refer to our opinion No. O-1309, which held that a warrant which was not presented for payment within the period required by the statute law could not be paid.

Article 5937, Revised Civil Statutes, being a part of the Negotiable Instruments Act, provides the legal and technical definition of the meaning of the words "presentment for payment." Section 72 of said Act, being a part of said Article 5937, provides:

"Presentment for payment, to be sufficient, must be made ...
2. At a reasonable hour on a business day;
3. At a proper place as herein defined;
4. To the person primarily liable on the instrument or if he is absent or inaccessible, to any person found at the place where the presentment is made."

Section 73 under said Article provides:

"Presentment for payment is made at the proper place:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

1. Where a place of payment is specified
in the instrument and it is there presented;
2. Where no place of payment is specified,
but the address of the person to make payment is
given in the instrument and it is there presented;
3. Where no place of payment is specified
and no address is given and the instrument is
presented at the usual place of business or
residence of the person to make payment; ..."

Section 74 under said Article provides:

"The instrument must be exhibited to the
person from whom payment is demanded, and when
it is paid must be delivered up to the party
paying it."

Section 75 provides that where the instrument is pay-
able at a bank, presentment for payment must be made during
banking hours.

It is the opinion of this Department that under the
provisions of the Negotiable Instrument Act above set forth,
presentment for payment of a warrant drawn on the State
Treasurer must be presented to the State Treasurer, and a
deposit of a warrant in some bank to be transmitted by said
bank and then presented to the Treasurer for payment is
not a presentment for payment when same is deposited in the
forwarding bank.

Article 4371 of the Revised Statutes provides:

"No warrant shall be paid by the Treasurer
unless presented for payment within two years
from the close of the fiscal year in which such
warrant was issued."

Since no one except the State Treasurer is authorized
to pay a warrant, and since under the Negotiable Instru-
ments Acts above quoted, in order to comply with said sta-
tutes the presentment must be made to the party who is
charged with the payment thereof. A presentment for pay-
ment within the provisions of said statutes means that the
warrant must be presented to the State Treasurer at Austin,
Texas, within the time limit.

Hon. Charley Lockhart, Page 3.

We are aware of the holding of the Court of Criminal Appeals of this State in Speer vs. State, 58 S. W. (2d) 95, where it was held that a State warrant is not a negotiable instrument under the law merchant. Since, however, the Legislature, in the Negotiable Instruments Act, has defined "presentment for payment," and thereafter passed the statute, being Article 4371, as amended in 1931, requiring state warrants to be presented for payment within a definite period, we think the Legislature intended to and did use said words as it had theretofore defined same.

We cannot find any better definition than the one used by the Legislature in the Negotiable Instrument Act as to what the words or phrase "presentment for payment" means.

We trust that the above satisfactorily answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By　　　　　_George Barcus_

George W. Barcus
Assistant

APPROVED SEP 8, 1939

GWB:pbp

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

